UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-8147-RMM

UNITED STATES OF AMERICA

v.

DIEGO ALEJANDRO ESPARZA-SILVA,

Defendant.   /

FILED BY ___SP___ D.C.

Feb 25, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  ☐ Yes  ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?  ☐ Yes  ☑ No

4. 4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?  ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: *Rinku Tribuiani*

RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    0150990
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:   (561) 820-8777
Email:  Rinku.Tribuiani@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED BY_____SP_____D.C.
Feb 25, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| DIEGO ALEJANDRO ESPARZA-SILVA, | ) | Case No. 26-8147-RMM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __02/19/2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation or removal. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Richard Soto Valentin, U.S. Border Patrol Agent
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: 2/25/26

_____
*Judge's signature*

City and state: ___West Palm Beach, FL___

Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1. I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for almost nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that ESPARZA SILVA, Diego Alejandro ("ESPARZA SILVA"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 1326(a)(1).

3. On February 19, 2026, Border Patrol Agent (BPA) Eddy Moreno and Deputy Chief Patrol Agent (DCPA), Samuel B. Briggs were conducting roving patrol operations on the Florida Turnpike at mile marker 115.5 (Palm Beach County) in a marked U.S. Border Patrol vehicle (BPV). At approximately 0900 hours, they observed a dark blue Chevrolet Silverado bearing Florida license plate (FL/CY0 870) traveling northbound in the number two (2) lane with two (2) visible occupants. As they passed their location, the passenger abruptly stiffened and directed his eyes forward when he noticed that DCPA Briggs was observing him. After witnessing this behavior, BPA Moreno and DCPA Briggs decided to follow the vehicle to determine if a vehicle stop for an immigration inspection was necessary.

4. After getting into traffic, they noticed that the driver had accelerated and moved into the number one (1) lane. As they closed the distance, the driver switched back to the number two (2) lane and began exiting at Exit 116. Upon reaching the traffic light at Indiantown Rd, DCPA Briggs contacted by radio the US Border Patrol Dispacht (KAK-220) to conduct registration checks on the displayed plate (FL/CY08 870). Record checks showed that the vehicle was registered to Thomas John Nelson in Fort Myers, FL. While waiting at the light, DCPA Briggs continued to observe the occupants

2

and noticed that while the passenger had his head down, appearing to look at something in his lap, his eyes were focused on the side view mirror, and he appeared to be concerned that they were behind his vehicle. When the light turned green, they made a left turn onto Indiantown Rd. and proceeded eastbound. BPA Moreno positioned the BPV alongside the Chevrolet so that DCPA Briggs could observe the driver. As they drove alongside, DCPA Briggs noticed that the driver appeared stiff and rigid, stared straight forward, with his hands locked in the ten (10) and (2) o'clock positions, even though they were driving alongside him and DCPA Briggs overtly turned towards him to observe his demeanor and reactions. In DCPA Briggs' experience, the behavior displayed by the driver and passenger is typical when encountering illegal aliens and/or persons involved in criminal activity. Based on the vehicle's evasiveness and behavior of the occupants, DCPA Briggs instructed BPA Moreno to activate the emergency lights so that they could conduct an immigration inspection.

5. At approximately 0906 hours, they initiated a vehicle stop on the Chevrolet Silverado on Indiantown Rd, just west (approximately 1-200 yards) of Island Way. BPA Moreno activated the emergency lights while they were in the number two (2) lane. The driver initially moved into the number three (3) lane (far left) and continued traveling eastbound. As they approached Island Way (68th Terr N.), the driver made a right-hand turn and continued into the Shell Gas Station parking lot. The driver continued towards the front of the building, around the gas pumps and towards the southwest corner of the property (exit end of the drive through car wash). Upon getting to a point where he could not proceed, the driver put the vehicle in park and both he and the passenger abruptly fled from the vehicle.

6. As the passenger door opened, DCPA Briggs observed a large, heavyset Hispanic male wearing a neon pink shirt, blue jeans and work boots exit and begin running west towards a thick brush line. DCPA Briggs gave chase, following him for approximately 40 yards into the brush. As DCPA Briggs neared the subject, he tripped over a vine, and DCPA Briggs was able to successfully able to take him into custody. Once handcuffed, DCPA Briggs asked him if he was injured, to which he replied, "No." Initial questions regarding immigration status led the subject to admit that he was illegally present in the United States. DCPA Briggs then escorted the subject back to BPV to await additional assistance in locating the driver. Further search for the driver was negative.

7. ESPARZA SILVA was transported to the West Palm Beach Border Patrol Station for further investigation and processing.

8. At the station, ESPARZA SILVA's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

9. The query on ESPARZA SILVA's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A*** *** 100, and FBI******CH5. The immigration electronic records and alien file assigned to ESPARZA SILVA shows that he is a native and citizen of Mexico.

10. Investigation revealed that on December 10, 2014, Customs and Border Protection Officers (CBP) encountered and arrested ESPARZA-SILVA, San Ysidro, California Port of Entry attempting to enter the U.S. with a counterfeit non-immigrant visa in a Mexican passport. ESPARZA-SILVA was processed as a Voluntary Expedited

4

Removal. On December 11, 2014, ESPARZA-SILVA was removed from San Ysidro, California to his native country, Mexico. On May 17, 2015, ESPARZA-SILVA was encountered and arrested by Border Patrol Agents in Laredo, Texas, and was processed as Reinstatement of Prior Order of Removal. On May 30, 2015, ESPARZA-SILVA was removed from Laredo, Texas to his native country, Mexico. On March 10, 2016, ESPARZA-SILVA was encountered and arrested by Border Patrol Agents in Hidalgo, Texas, and was processed as Reinstatement of Prior Order of Removal. On March 12, 2016, ESPARZA-SILVA was removed from Hidalgo, Texas to his native country, Mexico.

11. The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that ESPARZA SILVA had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

12. Based on the foregoing, I submit that probable cause to believe exists that, on or about February 19, 2026, ESPARZA SILVA, an alien who was previously deported and removed from the United States, was found in the United States without having received express consent from the Attorney General or the Secretary of the

Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a)(1).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this 25 day of February, 2026.

RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE